IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02128–MSK–KMT

GABE MARTINEZ,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL,

    Defendant.

## ORDER

    This matter is before the court regarding the proposed Scheduling Order filed by Defendant (Doc. No. 21, filed Jan. 6, 2015), as well as Plaintiff's letters dated January 6, 2015 seeking, respectively, an "extension concerning the scheduling order" (Doc. No. 20), and an attorney to represent him (Doc. No. 19).

    In the proposed Scheduling Order, Defendant's counsel explains that he initially called Plaintiff during the week of December 22, 2014, to discuss preparing the proposed Scheduling Order, but, because Plaintiff did not answer, he was only able to request a return call via voicemail. Between that initial phone call and January 5, 2015, Defendant's counsel and Plaintiff played a game of "phone tag." Plaintiff and Defendant's counsel ultimately connected for the first time on January 6, 2015, the day the proposed Scheduling Order was due, at which time Plaintiff explained that he believed counsel would be appointed to represent him in this case and, as a consequence, he was unaware of his obligations to coordinate with Defendant to

prepare the proposed Scheduling Order.  As such, Defendant filed the proposed Scheduling Order without Plaintiff's input.

One of Plaintiff's January 6, 2015 letter confirms that Plaintiff mistakenly believed that an attorney would be assigned to represent him and seeks an "extension concerning the scheduling order."  Plaintiff's second January 6, 2015 letter requests that an attorney be assigned to represent him.

The court first addresses Plaintiff's request for counsel.  Unlike a criminal defendant, a plaintiff in a civil case has no constitutional right to appointed counsel.  *See Johnson v. Johnson,* 466 F.3d 1213, 1217 (10th Cir. 2006).  Rather a court has discretion to request volunteer counsel for a civil litigant *in forma pauperis.*  28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").  In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual and legal issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).  Plaintiff's Letter does not address any of the factors outlined in *Hill*.  Accordingly, Plaintiff's request for an attorney to represent him will be denied.

The court turns to Plaintiff's failure to participate in the preparation of the proposed Scheduling Order and his request for an "extension concerning the scheduling order."  Rather than granting Plaintiff an extension of time to complete the Scheduling Order, the court finds the best course of action is to reset the Scheduling Conference.  Plaintiff does not specify how much additional time he needs to prepare his contributions to the proposed Scheduling Order, and the

court would be loathe to enter a Scheduling Order that does not contain his input. Further, the court finds that Plaintiff's good faith, but mistaken, belief that he was entitled to have counsel appointed to represent him, and his consequent ignorance of his obligations to complete the Scheduling Order, constitute good cause for holding the Scheduling Conference outside the time constraints of Fed. R. Civ. P. 16(b)(2).

The parties are advised, however, that, absent unforeseen and extraordinary circumstances, the Scheduling Conference will not be further rescheduled. In addition, Plaintiff is advised that he must coordinate with Defendants to fully comply with all obligations outlined in the order resetting the scheduling conference.

Therefore, for the foregoing reasons it is

ORDERED that Plaintiff's letter request for appointment of counsel is DENIED without prejudice. It is further

ORDERED that the Scheduling Conference set for January 13, 2015 is VACATED. The Scheduling Conference will be reset by separate order.

Dated this 7th day of January, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge