IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–02128–MSK–KMT

GABE MARTINEZ,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL,

    Defendant.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)." (Doc. No. 14, filed Oct. 15, 2014.) Defendant's Motion argues that Plaintiff's Complaint must be dismissed under Rule 12(b)(6) as untimely because it was not filed within 90 days after Plaintiff received a Notice of Right to Sue. Plaintiff did not file a timely response. For the following reasons, the court recommends that Defendant's Motion to Dismiss be DENIED.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    In his Title VII Complaint, filed July 31, 2014, Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") when it fired

him from his position as a banquet server based on his sex, national origin, and religion, as well as for engaging in activity protected under Title VII.[1] (Doc. No 1 at 7-9 [Compl.].)

Prior to filing his Complaint, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on August 19, 2013 regarding the alleged discriminatory conduct by Defendant. (*See* Charge of Discrim.; *see also* Compl. at 2, ¶ 7.) At that time, Plaintiff was represented an attorney, Hugh Pixler. (*See* Compl. at 3.)

On April 22, 2014, the EEOC mailed a "Notice of Right to Sue" to Plaintiff at the same address contained in his Complaint.[2] (Doc. No. 5.) The Right to Sue Notice clearly states that Plaintiff's "lawsuit **must be filed WITHIN 90 DAYS from receipt of this Notice;** or your right to sue based on this charge will be lost." (*Id.*) (emphasis in original.) Plaintiff alleges in his Complaint that he did not receive the Right to Sue Notice until May 2, 2014. (Compl. at 2, ¶ 8.)

On April 28, 2014, the EEOC sent Plaintiff a letter acknowledging his request for a copy of the investigative file created in response to his Charge of Discrimination. (Compl. at 22.) This correspondence also advised Plaintiff that "the final dismissal notice which you received

---

[1] Plaintiff's Complaint itself includes few, if any, factual allegations. Instead, the primary factual basis for Plaintiff's claim(s) is included in the Charge of Discrimination attached to his Complaint. (Compl. at 7-9 [Charge of Discrim.].)

[2] Although not technically attached to his Complaint, the court finds that it may consider the Notice of Right to Sue as it appears that Plaintiff intended to attach it to his Complaint. (*See* Compl. at 2, ¶ 8 (hand-written note stating "please see attached" regarding Notice of Right to Sue even though the Notice of Right to Sue was not attached). Further, Plaintiff ultimately submitted the Notice of Right to Sue in response to an Order Directing Plaintiff to Cure Deficiencies with respect to the Complaint (Doc. No. 4, filed Aug. 8, 2014). *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997) (court may consider documents that are attached to and referenced in the complaint without converting a motion to dismiss into a motion for summary judgment).

described your right to pursue this matter in court by filing a lawsuit within 90-days of your receipt of the dismissal notice, [*i.e.* the Notice of Right to Sue]." (*Id.*)

## LEGAL STANDARDS

### A. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### B. *Failure to State a Claim*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 680. Second, the Court considers the remaining factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation omitted).

In making the required determination, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) ("[A] document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute."). "[F]actual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1385 (10th Cir. 1997).

## ANALYSIS

Under Title VII, a plaintiff must file suit within 90 days after receiving a right to sue letter from the EEOC. 42 U.S.C. 2000e-5(f)(1). The 90-day period generally commences on the date the complainant actually receives the EEOC right to sue notice. *Biester v. Midwest Health Servs., Inc.,* 77 F.3d 1264, 1267 (10th Cir. 1996). The time period for filing a civil lawsuit is not

jurisdictional; it is in the nature of a statute of limitations that is subject to waiver, estoppel, and equitable tolling. *Id.* "[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Radloff-Francis v. Wyo. Med. Ctr., Inc.,* 524 F. App'x 411, 413 (10th Cir. 2013) (citing *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

Relying on *Lozano v. Ashcroft,* 258 F.3d 1160 (10th Cir. 2011), Defendant maintains that the court should apply a presumption that Plaintiff received the Notice of Right to Sue from the EEOC within three to five days after the letter was mailed. (Mot. at 7-8.) Defendant further argues that, even presuming Plaintiff did not receive the Notice of Right to Sue until five days[3] later on April 28, 2014, he was required to file his Complaint no later than July 28, 2014.[4] Because Plaintiff filed his Complaint on July 31, 2014, Defendant contends that this action is time-barred. The court cannot agree.

In *Lozano,* the Tenth Circuit held that when the receipt date for an EEOC right-to-sue letter is unknown or disputed, it is appropriate to apply a presumption that the letter was received within three to five days after mailing. 258 F.3d at 1165. However, here, the date Plaintiff received his right to sue letter is not "unknown." Although Plaintiff admits in his Complaint that he is not sure of the precise date upon which the 90-day filing period expired (Compl. at 3), the

---

[3] Technically, five days after the Notice of Right to Sue was mailed is April 27, 2014. However, because April 27, 2014 was a Sunday, the end of the five-day presumptive mailing period falls on the following Monday, April 28, 2014. *See* Fed. R. Civ. P. 6(a)(1)(C).

[4] Technically, 90 days after April 28, 2014 is July 27, 2014. However, because July 27, 2014 was also a Sunday, the deadline falls on the following Monday, July 28, 2014. *Id.*

6

court does not agree with Defendant that this somehow amounts an admission that Plaintiff cannot identify the date on which he received the Notice of Right to Sue (Mot. at 7). Instead, Plaintiff clearly alleges that he received the Notice of Right to Sue on May 2, 2014. (Compl. at 2, ¶ 8.)

Further, at this procedural juncture, the court cannot resolve a dispute as to when Plaintiff actually received the Notice of Right to Sue. Although Defendant contends that it is "inherently unbelievable" that Plaintiff received the Notice of Right to Sue ten days after it was mailed by the EEOC (Mot. at 7), the court cannot reach such a conclusion on a Rule 12(b)(6) motion to dismiss.[5] Instead, the court "must accept all the well-pleaded allegations as true," including Plaintiff's allegation that he received the Notice of Right to Sue on May 2, 2014.[6] *Cressman v. Thompson,* 719 F.3d 1139, 1144 (10th Cir. 2013); *see also Dubbs*, 336 F.3d at 1201 (the court's function in resolving a Rule 12(b)(6) motion is not to resolve factual disputes between the parties, but instead to determine whether the complaint alone is legally sufficient); *Aldrich,* 627 F.2d at 1041 n.4 (a court may find that the statute of limitations bars an action under Rule 12(b)(6) only "when *the dates given in the complaint* make clear that the right sued upon has been extinguished.") (emphasis added).

---

[5] Notably, *Lozano* reviewed the trial court's determination as to the timeliness of a right-to-sue letter at trial, when it is wholly appropriate for the court to resolve factual disputes.

[6] Defendant also argues that the EEOC's April 28, 2014 letter responding to Plaintiff's request for a copy of the investigative file strongly suggests that Plaintiff received the Notice of Right to Sue prior to that date. More specifically, Defendant contends that Plaintiff would not have requested the investigative file if he had not received the Notice of Right to Sue some time prior to April 28, 2014. Once again, this argument attempts to raise a dispute of fact over whether Plaintiff actually received the Notice of Right to Sue on May 2, 2014. Such a dispute cannot be resolved under Rule 12(b)(6).

Defendant also argues that even if Plaintiff did not receive the Notice of Right to Sue until May 2, 2014, he received actual notice that the Notice of Right to Sue had been issued through the EEOC's April 28, 2014 letter responding to Plaintiff's request for the investigative file. (Mot. at 8.) However, even assuming the April 28, 2014 letter would be sufficient to commence the 90-day filing period, *see, e.g., Hunter –Reed v. City of Houston,* 244 F. Supp. 2d 733, 741-42 (S.D. Tex. 2003) (collecting cases for the proposition that when a plaintiff receives actual notice by other means, such as being told by an EEOC representative that a right-to-sue-letter has been issued, the 90-day limitations period commences without regard to whether the letter was actually received at that time), the Complaint does not specify when Plaintiff received the April 28, 2014 letter. As such, the court finds it must apply the *Lozano* presumption in a manner most favorable to Plaintiff by presuming that he received the April 28 2014 letter five days after it was mailed. Five days after April 28, 2014 is May 2, 2014, the same day Plaintiff alleges he received the Notice of Right to Sue.

Accordingly, because Plaintiff has alleged that he received the Notice of Right to Sue on May 2, 2014, and the court cannot presume that Plaintiff received the April 28, 2014 letter from the EEOC on any earlier date, the court finds that the 90-day filing period commenced on May 2, 2014. Plaintiff filed his Complaint on July 31, 2014, exactly 90 days after May 2, 2014. As such, at this juncture, the court does not find that Plaintiff's Complaint is untimely.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 14) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23rd day of February, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge